UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-04884 GAF (JEMx) | Date | September 4, 2013 |
|---|---|---|---|
| Title | Matthew Ehret et al v. Lawrence Sanchez | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Stephen Montes | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:** (In Chambers)

## ORDER REMANDING CASE

### I.
### INTRODUCTION & BACKGROUND

This action concerns the alleged interference with Plaintiffs' inheritance by their uncle, Defendant Lawrence Sanchez ("Lawrence"). Plaintiffs Matthew and Kristen Ehret allege that they are beneficiaries under a living trust (the "Trust") created by their grandmother, Gloria R. Sanchez ("Gloria"). Plaintiffs assert that Lawrence, as the trustee, fraudulently converted and concealed Trust assets for his own benefit both prior to and after Gloria's death. (Docket No. 1, [Not. of Removal ("Not.")], Ex. A [Compl.].) Plaintiffs believe that Lawrence exercised undue influence and/or duress in the months prior to Gloria's death and acted fraudulently with regard to Trust assets, intentionally interfering with Plaintiffs' expected inheritance. (Id.)

Plaintiffs bring claims for financial elder abuse, fraud, and intentional interference with expected inheritance. Plaintiffs seek "no more than $75,000" each in damages, "twice the value of the property recovered by this action pursuant to [California] Probate Code [§] 859," punitive damages and attorney's fees. (Id. at 6.) In addition, Plaintiffs seek an order that Lawrence "be deemed to predecease [Gloria] for purposes of distribution of her estate and forfeit all interest in said trust and estate." (Id. at 6.)

This action was originally filed in Ventura County Superior Court, and removed here on the basis of diversity. (Not. ¶ 1.) Before the Court now is Plaintiffs' motion to remand. (Docket

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-04884 GAF (JEMx) | Date | September 4, 2013 |
|---|---|---|---|
| Title | Matthew Ehret et al v. Lawrence Sanchez | | |

No. 5-1, [Mot. to Remand ("Mem.")].)

Plaintiffs' motion to remand initially addressed only the amount in controversy requirement of diversity jurisdiction. (Id.) After reviewing the papers, however, the Court requested supplemental briefing from the parties in order to address the probate exception to federal court jurisdiction. (Docket No. 9, [Order Requesting Further Briefing] at 3.)

For the reasons set forth in detail below, the Court concludes that the probate exception applies and therefore **REMANDS** this action to Ventura County Superior Court.

The Court simultaneously considers Plaintiffs' Motion for Attorney's Fees, and Defendant's motion to dismiss and motion for sanctions. For the reasons detailed below, the Court **DENIES** Plaintiff's motion for attorney's fees, **DENIES as moot** Defendant's motion to dismiss, and **DENIES** Defendant's motion for sanctions.

## II.
## DISCUSSION

### A. THE MOTION TO REMAND

#### 1. LEGAL STANDARD

28 U.S.C. § 1332 confers federal courts with original jurisdiction over "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). "Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, i.e. every plaintiff must be diverse from every defendant." Osborn v. Metropolitan Life Ins. Co., 341 F. Supp. 2d 1123, 1126 (E.D. Cal. 2004). A "natural person's state citizenship is [] determined by her state of domicile, not her state of residence." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

However, even if the citizenship and $75,000 amount in controversy requirements are met, federal jurisdiction is subject to several longstanding limitations. Included among these limitations is the probate exception. Marshall v. Marshall, 547 U.S. 293, 299 (2006). The Supreme Court recently and succinctly summarized the probate exception as follows: "the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." Id. at 311-12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-04884 GAF (JEMx) | Date | September 4, 2013 |
|---|---|---|---|
| Title | Matthew Ehret et al v. Lawrence Sanchez | | |

Following <u>Marshall</u>, the Second Circuit held that "a federal court may neither dispose of property that is in the custody of a state probate court, nor take over the administration of estate assets pending in probate courts . . . ." <u>Lefkowitz v. Bank of N.Y.</u>, 528 F.3d 102, 107 (2d Cir. 2007) (internal quotations and citation omitted). In so holding, the Second Circuit found that the Court lacked jurisdiction over claims seeking "disgorgement of funds that remain under the control of the Probate Court." <u>Id.</u>; <u>see</u> <u>also</u> <u>Critchlow v. Critchlow</u>, 2012 U.S. Dist. LEXIS 162977, at *14-15 (N.D. Cal. Nov. 14, 2012); <u>Hollander v. Irrevocable</u>, 2011 U.S. Dist. LEXIS 73386, at *9-10 (C.D. Cal. June 30, 2011).

While "the probate exception does not prevent a federal court from exercising <u>in personam</u> jurisdiction," it does prevent federal courts from exercising <u>in rem</u> jurisdiction. <u>Wells Fargo Bank, N.A. v. Stern</u>, 2003 WL 22114268 (N.D. Cal. Sept. 8, 2003) citing <u>Waterman v. Canal–Louisiana Bank and Trust Co.</u>, 215 U.S. 33, 43–44 (1909). And the allocation and administration of trust assets is an <u>in rem</u> determination. See <u>Haroun v. Haroun</u>, 2012 WL 424383 (C.D. Cal. Feb. 8, 2012).

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[A] court may raise the question of subject matter jurisdiction, <u>sua</u> <u>sponte</u>, at any time during the pendency of the action . . . ." <u>Snell v. Cleveland, Inc.</u>, 316 F.3d 822, 826 (9th Cir. 2002); <u>see</u> <u>also</u> <u>United Investors Life Ins. Co. v. Waddell & Reed, Inc.</u>, 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action <u>sua</u> <u>sponte</u>, whether the parties raised the issue or not."). Accordingly, the Court must now determine whether the probate exception divests it of jurisdiction over this case.

### 2. APPLICATION

As a preliminary matter, the Court notes that the amount in controversy – the alleged jurisdictional defect raised in the pending motion – may be "satisfied if either party can gain or lose the jurisdictional amount." <u>Sanchez v. Monumental Life Ins. Co.</u>, 102 F.3d 398, 405 (9th Cir. 1996). Plaintiffs here seek to have Lawrence "forfeit all interest" in the Trust. (Compl. at 6.) In the Notice of Removal, Lawrence alleges that his interest in the Trust totals over $800,000.00. (Not. ¶ 3.) In support, Lawrence offers excerpts from the Summary of Account of the Trust indicating that the total value of the Trust is about $1.7 million, of which Lawrence has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-04884 GAF (JEMx) | Date | September 4, 2013 |
|---|---|---|---|
| Title | Matthew Ehret et al v. Lawrence Sanchez | | |

a one-half interest.[1] (Docket No. 6-2, Ex. D.) The Court may properly consider this evidence though it was not contained in Lawrence's Notice of Removal. See Cohn v. Petsmart, Inc., 281 F.3d 837, 840 n.1 (9th Cir. 2002). Accordingly, it is evident to the Court that beyond whatever damages Plaintiffs seek - and the Parties heavily dispute that figure - the amount in controversy element of diversity jurisdiction is met.[2]

The amount in controversy, though, is beside the point if the probate exception applies. According to Plaintiffs there is currently an ongoing probate action regarding this exact Trust, and Lawrence's alleged misconduct regarding the Trust is also alleged in the probate action. (Docket No. 7, [Reply to Mot. to Remand ("Reply")] at 5; Docket No. 7-1, Ex. 4.) Indeed, the state probate court currently has control of the Trust. Id. Lawrence makes two arguments that the probate exception nevertheless does not apply to this case. First, he contends that the primary claims raised by Plaintiffs are tort claims, and that this Court has jurisdiction over such claims. (Docket No. 11, [Defendant's Supplemental Points ("Def. Supp.")] at 3-4.) Second, he claims that adjudication of this action would not require the Court to take control of property in the possession of a probate court. Id. at 4-5. Each is unavailing.

While it is true that the claims raised by Plaintiffs are tort claims, this does not create an exemption from the probate exception. Even when the underlying causes of action are tort claims, as here, the probate exception applies if the relief sought would dispose of property held by a probate court. See Gherini v. Lagomarsino, 258 F. App'x 81, 83 (9th Cir. 2007). Because the Trust assets are currently under the administration of a probate court (Docket No. 7-1, Ex. 4), this Court must inquire as to whether granting the relief sought, regardless of the underlying causes of action, would dispose of Trust property.

---

[1] Lawrence has since changed his tune, claiming that there is in fact "little res left in the subject trust." (Docket No. 11 [Defendant's Supplement Points ("Def. Supp.")] at 5.) However, even upon review of this claim, it appears that there is at least $17,234.43 remaining in the trust (Docket No. 4-3, Ex. D), if not as much as $54,620.19 (Docket No. 6-2, Ex. D). Whatever little remains, in addition to the $75,000 sought in damages, this case would meet the amount in controversy requirement.

[2] Plaintiffs continue to assert that the remedy they seek will not necessarily divest Lawrence of his entire interest in the Trust. (Docket No. 12, [Plaintiffs' Supplemental Points ("Pl. Supp.")] at 2, citing Estate of Dito, 130 Cal. Rptr. 3d 279, 288-89 (Cal. App. 1st Dist. 2011).) However, Plaintiffs' prayer for relief could not be clearer: they seek that Lawrence "forfeit *all* interest in said trust and estate". (Compl. at 6, emphasis added.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-04884 GAF (JEMx) | Date | September 4, 2013 |
|---|---|---|---|
| Title | Matthew Ehret et al v. Lawrence Sanchez | | |

And indeed, resolution of this case would require the Court to do so. Lawrence claims that a finding that he predeceased Gloria would "be an adjudication of a fact issue," and that it still "would be left to the state probate court to determine how such finding would impact the ongoing administration of the trust." (Def. Supp. at 4.) However, this misreads both California law and the extent of the probate exception.

Determining that Lawrence predeceased Gloria would necessarily require the probate court to take specific action with regard to the Trust. See In re Estate of Dito, 198 Cal. App. 4th 791, 802-03 (2011), as modified (Aug. 23, 2011). Even if the determination were not to command Lawrence's complete exclusion from the Trust disbursement, it would require a reduction in the amount he received. Id. at 803-04; (Pl. Supp. at 2-3). In other words, this Court would be mandating a particular disposal of the res, potentially different from that established by the probate court.

At the very least, it would run afoul of the guidelines offered by the Second Circuit for determining the scope of the probate exception. Even if not an actual seizure, such a determination would be an improper "administration of estate assets pending in probate courts . . . ." Lefkowitz v. Bank of N.Y., 528 F.3d 102, 107 (2d Cir. 2007) (internal quotations and citation omitted).

The Court therefore finds that the probate exception divests this Court of jurisdiction and resolves this motion. Accordingly, the Court **REMANDS** this case to Ventura County Superior Court.

**B. THE MOTION FOR ATTORNEY'S FEES**

In addition to their motion to remand, Plaintiffs seek attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). While the Court has found removal was improper, Defendant's conduct was not objectively unreasonable, and therefore the Court declines to award fees and costs.

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). While this action must be remanded, the Court cannot find that Defendants lacked an objectively reasonable basis for removal. As discussed above, the amount in controversy requirement for diversity jurisdiction was likely met. The only reason this Court cannot exercise jurisdiction is due to an exception Plaintiff did not

LINKS: 4, 5
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 13-04884 GAF (JEMx) | Date | September 4, 2013 |
|---|---|---|---|
| Title | Matthew Ehret et al v. Lawrence Sanchez | | |

even raise in its initial briefs. While the Court has determined that the probate exception applies, it was not objectively unreasonable to believe that diversity jurisdiction existed in this case. The request for attorney's fees is therefore **DENIED**.

### C. THE MOTION TO DISMISS

Given the Court's findings above, the Court lacks jurisdiction over this action, and accordingly Defendant's motion to dismiss is **DENIED as moot**.

### D. THE MOTION FOR SANCTIONS

Federal Rule of Civil Procedure 11(c) allows a court, after providing notice and a reasonable opportunity to respond, to impose sanctions on any attorney, law firm, or party that violates Rule 11(b). Fed. R. Civ. P. 11(c). Sanctions are reserved "for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." Operating Eng'rs Pension Trust v. A-C Co., 859 F.2d 1336, 1344 (9th Cir. 1988). Therefore, when a court examines a motion for sanctions, it must resolve all doubts in favor of the signer of the pleading or paper. Associated Indem. Corp. v. Fairchild Indus., Inc., 961 F.2d 32, 34–35 (2d Cir. 1992).

Plaintiffs have twice now filed nearly identical complaints. However, the first complaint was dismissed without prejudice prior to filing of the current complaint, and the damages have been severely curtailed in this complaint. Such action is not "clearly frivolous," and in fact may have substantial ramifications for the parties. Accordingly, Defendant's motion for sanctions is **DENIED**.

## III.
## CONCLUSION

For the foregoing reasons, the Court **REMANDS** this case to Ventura County Superior Court. Defendant's motion to dismiss is therefore **DENIED as MOOT**. Plaintiffs' motion for attorney's fees is **DENIED**, and Defendant's motion for sanctions is **DENIED**. The hearings previously scheduled for September 9, 2013, and September 30, 2013, are hereby **VACATED**.

**IT IS SO ORDERED.**

**LINKS: 4, 5**
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-04884 GAF (JEMx) | Date | September 4, 2013 |
|---|---|---|---|
| Title | Matthew Ehret et al v. Lawrence Sanchez | | |